UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*Attorneys for Defendants*
666 Third Avenue, 29th Fl.
New York, New York 10017
(212) 545-4000

ATTORNEYS OF RECORD FOR DEFENDANT:
    FELICE B. EKELMAN, ESQ.
    DAVID S. KIM, ESQ.

------------------------------------------------------------x

RICHARD CURASI, individually and on behalf of all those similarly situated,

                      Plaintiffs,

-against-

HUB ENTERPRISES, INC., a Louisiana corporation; and DOES 1 through 10, inclusive,

                      Defendants.

------------------------------------------------------------x

*VIA ECF*

Civil Action No.: 11-CV-2620

Seybert, J.
Tomlinson, M.J.

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Defendant Hub Enterprises, Inc. ("Hub" or "Defendant") submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT

Plaintiff Richard Curasi brings this putative collective action and class action against Defendant asserting: (i) alleged failure to properly pay overtime in violation of the Fair Labor Standards Act ("FLSA"); (ii) alleged failure to pay wages for all hours worked in violation of the

New York Labor Law ("NYLL"); and (iii) alleged failure to properly pay overtime in violation of the NYLL.

In support of these claims, the Complaint presents no more than a formulaic and conclusory recitation of the elements of these causes of action. The Complaint fails to set forth any facts to support an FLSA or NYLL claim, including the basic element of even an approximation of the number of hours Plaintiff (or putative collective and class action members) supposedly worked without compensation. As a result, the Complaint falls well short of the pleading standards set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). For these reasons, and the reasons set forth in further detail below, Defendant respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety.

## THE ALLEGATIONS

Defendant Hub is a Louisiana corporation that provides, among other things, investigative services to customers throughout the United States. (Complaint ¶ 4). Plaintiff was employed by Hub from approximately April 2010 through October 2010 as an Investigator. (Complaint ¶ 3).

The Complaint alleges in conclusory fashion that Plaintiff was "frequently required to work off-the-clock without compensation" and "frequently was required to work more than forty (40) hours per week without proper overtime compensation." (Complaint ¶ 23). Despite the fact that Plaintiff was employed by Hub for a mere seven months, the Complaint does not state the alleged amount of hours worked for which Plaintiff was not compensated or how often or in which weeks Plaintiff worked hours in which he was not compensated. The Complaint further alleges that Hub "refused" to pay Plaintiff for hours worked and "discouraged" Plaintiff from

2

reporting time worked, yet fails to identify who allegedly refused payment or discouraged Plaintiff from recording time worked. (Complaint ¶ 23).

## MOTION TO DISMISS STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; Twombly, 550 U.S. at 556. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Rather, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." Id. at 557. Thus, unless a plaintiff's well-pleaded allegations have "nudged [his] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." Id. at 570; Iqbal, 129 S. Ct. at 1950-51.

## ARGUMENT

### POINT I

### THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE FLSA OR THE NYLL

"Both the FLSA and NYLL require that a complaint state more than vague legal conclusions to survive" a motion to dismiss pursuant to Rule 12(b)(6). Nakahata v. New York Presbyterian Healthcare Sys., 2011 U.S. Dist. LEXIS 8585, at *21 (S.D.N.Y. Jan. 28, 2011). To plead a valid claim under the FLSA or NYLL, a complaint must at minimum set forth, among other things, the approximate number of unpaid hours allegedly worked. Id.; see also DeSilva v. North Shore-Long Island Jewish Health Sys., 2011 U.S. Dist. LEXIS 27138, at *20-21

(E.D.N.Y. Mar. 16, 2011); Zhong v. August August Corp., 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007). "Simply stating that [p]laintiffs were not paid for overtime work does not sufficiently allege a violation" of the FLSA or NYLL. Id. (quoting Acosta v. Yale Club of N.Y.C., 1995 U.S. Dist. LEXIS 14881, at *11 (S.D.N.Y. Oct. 12, 1995)). Rather, a plaintiff "must provide at least some approximation of the overtime hours that defendants required them to work and a time frame for when those hours were worked." DeSilva, 2011 U.S. Dist. LEXIS 27138, at *21.

The Complaint in this action alleges, in wholly conclusory fashion, that Hub had a "common practice" of requiring "Investigators" to work hours and overtime hours without proper compensation. (Complaint ¶ 17(c)). The Complaint further alleges that: (i) Defendant often "refused" to pay Plaintiff for the time he submitted for the preparation of written reports and the preparation of surveillance assignments; and (ii) Plaintiff was "discouraged" from reporting all of his time worked preparing written reports. (Complaint ¶ 23). The Complaint fails to identify who "discouraged" Plaintiff from allegedly reporting all of his time worked or who "refused" to pay Plaintiff for any alleged hours worked. See Wolman v. Catholic Health Sys. of Long Island, 2011 U.S. Dist. LEXIS 48223, at *10 (E.D.N.Y. May 5, 2011) (stating plaintiffs "should know" who "forbid or discouraged" them from recording their time worked as such information "is wholly within [p]laintiffs' possession," and that the failure to specifically plead this information was a deficiency in the complaint).

Furthermore, none of these allegations states anything about specific payments allegedly due under the FLSA or NYLL, and throughout the entirety of the Complaint, Plaintiff never alleges anything more than "Plaintiff was frequently required to work off-the-clock without compensation" and "Plaintiff frequently was required to work more than forty (40) hours per week." (See e.g., Complaint ¶ 23). The Complaint fails to set forth any factual allegations

4

regarding the unpaid hours Plaintiff (or putative collective and class action members) allegedly worked, including: (i) the amount of hours in which he was not compensated; (ii) how often or in which weeks he was not compensated for hours worked; and (iii) the amount of overtime hours worked and when such overtime work occurred.

This Court and other New York District Courts have consistently held that such vague allegations are insufficient to state a claim under the FLSA and NYLL. See e.g., DeSilva, 2011 U.S. Dist. LEXIS 27138, at *24-25 (dismissing plaintiffs' FLSA claim because they failed to approximate the number of overtime hours that they allegedly worked); Wolman v. Catholic Health Sys. of Long Island, 2010 U.S. Dist. LEXIS 137392, at *13 (E.D.N.Y. Dec. 30, 2010) ("[I]t is not enough to merely allege that [p]laintiffs worked beyond forty hours per week") (internal quotations omitted); Nakahata, 2011 U.S. Dist. LEXIS 8585, at *21 (dismissing plaintiffs' FLSA and NYLL claims because there were "no factual allegations about when the alleged unpaid wages were earned . . . or the number of hours allegedly worked without compensation – the heart of the claim"); Sampson v. Medisys Health Network Inc., 2011 U.S. Dist. LEXIS 12697, at * (E.D.N.Y. Feb. 8, 2011) (dismissing plaintiffs' overtime claim because the conclusory allegation that plaintiffs worked in excess of forty (40) hours per week was insufficient); Acosta, 1995 U.S. Dist. LEXIS 14881, at *10-11 (dismissing FLSA action for overtime violations where plaintiffs did not provide examples of workweeks in which they allegedly worked more than forty (40) hours).

Because the Complaint fails to plead the essential factual allegations required for a purported violation of the FLSA or NYLL, the Complaint should be dismissed in its entirety.

5

## CONCLUSION

For the reasons set forth above, Defendant Hub Enterprises, Inc. respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety, and for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 26, 2011

                                      Respectfully submitted,

                                      JACKSON LEWIS LLP
                                      *ATTORNEYS FOR DEFENDANT*
                                      *HUB ENTERPRISES, INC.*
                                      666 Third Avenue, 29th Fl.
                                      New York, New York  10017
                                      (212) 545-4000

By: _____
                                      Felice B. Ekelman, Esq.
                                      David S. Kim, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26 day of July, 2011, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

NEIL H. GREENBERG, ESQ.
NEIL H. GREENBERG & ASSOCIATES, P.C.
900 Merchants Concourse, Suite 214
Westbury, New York 11590

_____
DAVID S. KIM, ESQ.

4823-6089-1402, v. 1