David D. Deason
e-mail: David@yourlaborlawyers.com
DEASON & ARCHBOLD
3300 Irvine Avenue, Suite 245
Newport Beach, CA 92660
Telephone: (949) 794-9560
Facsimile: (949) 794-9517

Neil H. Greenbberg
Justin M. Reilly
Neil H. Greenberg & Assoc. PC
900 Merchants Concourse, Suite 214
Westbury, NY 11590
Telephone: (516) 228-5100

Attorneys for Individual and Representative Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD J. CURASI, individually and on behalf of all those similarly situated. <br><br> Plaintiff, <br> vs. <br><br> HUB ENTERPRISES, INC., a Louisiana corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: CV 11-2620 (JS) (AKT) <br><br> [CLASS ACTION PURSUANT TO FRCP RULE 23 AND FLSA § 216(b)] <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

## JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3) as the controversy arises under "constitution, laws or treaties of the United States; specifically, the claim arises under the Fair

Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.,* ("FLSA"). Additionally, this Court has the authority to determine Plaintiff's state claims pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

2. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts, events, or omissions giving rise to the action occurred in this District and Plaintiff and Defendant each reside/operate businesses within this district.

## PARTIES

3. Individual and representative Plaintiff, Richard J. Curasi (hereinafter "CURASI" or "Plaintiff"), is a resident of Nassau County, in the State of New York. He was employed by Defendant Hub Enterprises, Inc. (hereafter "HEI" or Defendant) as an Investigator from approximately April 2010 through approximately October 2010. Plaintiff brings his claims on behalf of the national collective and New York classes, as set forth below.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant Hub Enterprises, Inc. (hereafter "HEI" or Defendant) was and is a Louisiana corporation doing business under and by virtue of the laws of the State of New York, providing investigative services to consumers throughout the United States.

5. Each of the DOES 1 through 10, inclusive, is so named because Plaintiff does not know their true names and/or capacities at this time. Plaintiff will seek leave of Court to amend this Complaint when the true names and capacities of the defendants designated herein as DOES 1 through 10 have been ascertained.

6. Plaintiff is informed and believes, and on the basis of such information and belief, alleges that each defendant was an agent, employee, partner, and/or alter ego of each of the other remaining defendants, and in doing the things herein alleged were acting within the scope and course of such agency

and/or employment.  Upon information and belief, each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged, as well as the injuries of the putative class, were proximately caused by such defendants.

7. The defendants, and each of them, save and except Defendant HEI, which is sued as an entity, are sued in their individual and official capacities.

8. The acts of defendants were in accordance with, and represent the official policy of, HEI or those whose edicts or acts may fairly be said to represent official policies hereinafter set forth.

9. Each defendant herein willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized or otherwise participated in the unlawful acts complained of herein.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

10. This is a collective and class action, pursuant to FLSA, 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure ("FRCP"), Rule 23, brought by individual and representative Plaintiff CURASI, on behalf of himself and all others similarly situated, as defined below, against their former/current employer, Defendant HEI.  Plaintiff, putative collective action members and putative class members (all putative members hereinafter referred to collectively as "Class Members") seek recovery for violations of state and federal overtime provisions, as well as all other applicable damages and penalties legally recoverable, as a result of Defendant's actions in requiring Plaintiff and Class Members to work more than forty (40) hours per week without proper overtime compensation.  Plaintiff and Class Members were/are employed by Defendant HEI as "Investigators."  All such employees are similarly situated under the Fair Labor Standards Action ("FLSA"), 29 U.S.C. § 216(b), and Federal Rule of Civil Procedure ("FRCP"), Rule 23.

////

Case 2:11-cv-02620-JS-GRB Document 16 Filed 08/10/11 Page 4 of 15 PageID #: 62

11. This action is brought under the FLSA applicable New York state law to recover from Defendant unpaid overtime compensation, liquidated damages, and applicable penalties.

## COLLECTIVE ACTION

12. Plaintiff brings the collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and all other similarly situated current and former employees that worked for Defendant as "Investigators," or in a substantially similar position under a different title, who were not paid overtime compensation for all of their overtime hours worked within the three-year period prior to the filing of this Complaint through the final disposition of this action ("Collective Class").

13. Plaintiff is informed and believes, and thereon alleges, that Defendant knew, or should have known, that Plaintiff and the Collective Class were working overtime without proper compensation. Defendant's unlawful conduct was widespread and consistent. Defendant knowingly and repeatedly accepted the benefits of the labor performed by Plaintiff and Class Members, but failed and refused to compensate for all such additional hours worked. The failure to pay overtime for all of the overtime hours worked by Class Members was a company policy, ratified and condoned by management.

14. Defendant's failure to properly compensate Plaintiff and the Collective Class is a violation of the FLSA, and thus, a notice should be sent to all persons similarly situated. Those persons similarly situated are current and former employees of Defendant, and thus, are known to Defendant and readily identifiable.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action as a class action pursuant to FRCP Rule 23 on behalf of all current and former employees that worked for Defendant as "Investigators," or in a substantially similar position under a different title, within the state of New York and who were not paid overtime compensation for all of

their overtime hours worked within the six-year period prior to the filing of this Complaint through the final disposition of this action ("New York Class").

16.  Defendant's failure to pay Plaintiff and New York Class Members all of their overtime compensation for overtime hours worked violates NYLL Article 6, §§ 190, *et seq.* and Article 19, §§ 650 *et seq.*, and supporting New York state Department of Labor regulations.

17.  There is a well defined community of interest in the litigation and the class is easily ascertainable:

  a.  Numerosity:  Plaintiff is informed and believes, and thereon alleges, that the proposed New York Class is so numerous as to make joinder impracticable. Plaintiff is informed and believes, and thereon alleges, that the total number of putative class members, as defined above, exceeds 50 and that such persons are located in all parts of the state of New York and throughout the various United States.

  b.  Common questions predominate:  This action is maintainable by Plaintiff under Rule 23(b)(3) as a class action because the questions of law and fact common to the class predominate over any questions affecting individual members and, on balance, a class action is superior to other methods available for adjudicating the controversy. The rights which are the subject of this action are common to all New York Class Members who worked for Defendant within New York, and Plaintiff's claims, as hereinafter set forth, are typical of the claims of all Class Members including, but not limited to:

    i)  Whether Defendant failed to properly compensate Plaintiff and New York Class Members for all of their overtime hours worked in violation of the New York state wage and hour laws, as alleged herein;

    ii)  Whether Defendant failed to properly record and keep adequate records of all of the hours worked by Plaintiff and New York Class Members;

////

    iii) Whether Defendant failed to compensate the New York Class for all worked Defendant required and permitted them to perform;

    iv) Whether Defendant has engaged in a pattern, practice or policy of directing and/or discouraging the New York Class Members from reporting all of their time worked; and

    v) Whether, when Defendant did pay overtime compensation to Plaintiff and the New York Class, it failed to pay such wages at the rate required by New York state law.

 c. Typicality:  Plaintiff's claims, as well as Defendant's defenses to such claims, are typical of the claims and defenses of the putative class.  Plaintiff and New York Class Members all sustained damages arising out of Defendant's common practices of requiring "Investigators," and other employees who worked in a substantially similar position under a different title, to work hours and overtime hours without proper compensation and failing to record these additional hours worked.  Plaintiff has the same, or substantially similar, duties and job responsibilities as Class Members, which primarily involve investigation and surveillance.

 d. Adequacy:  Plaintiff is an adequate representative of the class in that his claims are typical of each class member and he has no interest antagonistic to or in conflict with the interests of other New York Class Members.  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member.  Moreover, to represent his interests and the interests of the proposed class, Plaintiff has retained counsel experienced in nationwide, and statewide, wage and hour collective and class action litigation.

 e. Superiority:  Class action adjudication is superior to other available methods because a class action will achieve economies of time, effort, and expense as compared to separate lawsuits, and avoid inconsistent outcomes, because the same issues can be adjudicated in the same manner for the entire class.  Plaintiff is

currently unaware of any pending litigation commenced by any other class member involving the same issues in this Complaint.  Further, it is desirable to concentrate the litigation of such claims in this forum, and there are no difficulties likely to be encountered in the management of the class action.

   f. Public Policy Consideration:  Employers throughout the state violate wage and hour laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they perceive that their former employers can damage their future endeavors through negative references and other means.  Class actions provide the Class Members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights.

   18. This action is also maintainable as a class because filing separate actions may result in varying or contradictory adjudications, thus establishing incompatible standards of conduct for Defendant.  Further, Plaintiff is informed and believes, and thereon alleges, that Defendant acted, or failed to act, on grounds that generally affected the entire class as a whole.  Moreover, the damages suffered by individual class members are small by comparison to the cost and expense of individual prosecution of the action.  Filing as a class will also obviate the need for duplicative litigation, and thus, is the most efficient and cost effective means by which to adjudicate these claims.

   19. Plaintiff requests that absent class members be notified by the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.

### STATEMENT OF FACTS

   20. At all times herein set forth, Defendant was an employer within the definition of the FLSA and New York State Law, and Plaintiff was at all times herein set forth an employee of Defendant within the definition of the FLSA and New York State Law.

21. Plaintiff is informed and believes, and thereon alleges, that at all times set forth herein, Defendant's annual gross volume of sales made or business done is not less than $500,000.

22. As set forth above, Defendant employed Plaintiff in the capacity of "Investigator" during the relevant statutory periods. Plaintiff was employed within the state of New York, and was paid an hourly rate of pay. Plaintiff's job duties primarily involved the investigation and surveillance of individuals, and the preparation of written reports and updates.

23. Throughout his employment with Defendant, Plaintiff was frequently required to work off-the-clock without compensation. The number of hours that Plaintiff worked per week varied. However, Plaintiff estimates that he worked an average of six (6) days per week and consistently worked far more than forty (40) hours per week. In addition to the hours that were recorded on Defendant's payroll records and timesheets, which typically exceeded forty (40) hours per week, Plaintiff was also required to work numerous hours "off the clock" without compensation in order to complete his assigned job duties. Plaintiff was required to prepare a report for each surveillance assignment. However, Plaintiff's supervisor, Lee Carrier, often refused to pay Plaintiff for all of the time he expended preparing the reports. Plaintiff also submitted time for the work he performed in preparing for a surveillance assignment, but his supervisor, Lee Carrier, frequently refused to compensate Plaintiff for this time as well. Plaintiff estimates that he worked approximately one (1) hour per work shift preparing for a surveillance assignment and one (1) to two (2) hours per shift reviewing video tape and preparing reports without compensation. Finally, on those occasions that Defendant recorded more than forty (40) hours per week, Plaintiff was not compensated at the rate of one and one-half his hourly rate of pay for the hours worked over forty (40) in a week, but rather was paid only straight time for his overtime hours worked.

24. Defendant knew or should have known that Plaintiff worked overtime without full compensation in that Defendant, or its agents, officers and employees, required Plaintiff to work such overtime hours and were responsible for establishing the policies that prohibited Plaintiff, and the other Class Members, from receiving compensation for all of their hours worked. Defendant maintained a pervasive and widespread system whereby Plaintiff and Class Members were not paid for all of the time they expended preparing reports and updates, as well as the time expended preparing for their surveillance assignments. Defendant knew or should have known that Plaintiff and Class Members were not compensated for all their time worked because Defendant either specifically refused to pay for such hours worked or discouraged Class Members from reporting all of their time. In short, Defendant sat idly by and knowingly accepted the benefits of Plaintiff's labor, and the labor of Class Members, without providing lawful compensation. Finally, on those occasions that Defendant paid overtime compensation, Plaintiff was paid only his regular rate and not one and one-half times his regular rate of pay, as required under federal and state law.

25. Plaintiff is informed and believes, and thereon alleges, that at all times set forth herein, Defendant was advised by skilled lawyers and other professionals, employees and advisors knowledgeable about the FLSA and New York overtime and wage laws. Plaintiff is further informed and believes, and thereon alleges, that at all times relevant to this Complaint Defendant knew or should have known that Plaintiff and other "Investigators" were not being properly compensated for all of their overtime hours worked under either New York or federal law.

## FIRST CAUSE OF ACTION

### FOR WILLFUL VIOLATION OF 29 U.S.C. § 207

**(Against All Defendants)**

26. Plaintiff reasserts and realleges paragraphs 1 through 25, inclusive, as though fully set forth and incorporates said paragraphs herein by reference.

9

27. Defendant has either recklessly or knowingly and intentionally failed to compensate Plaintiff and Class Members at the rate of time and one-half for all of their overtime hours worked.

28. As set forth more fully above, Plaintiff worked more than forty (40) hours per week without receiving all of his overtime compensation as required under the FLSA.

29. Although Defendant was apprized of the law regarding the payment of hours covered by the FLSA, Defendant failed to pay Plaintiff and Class Members for all of their actual hours worked.

30. Defendant maintained a pervasive and widespread system whereby Plaintiff and Class Members were not paid for all of the time they expended preparing reports and preparing for their surveillance assignments. Defendant knew or should have known that Plaintiff and Class Members were not compensated for all the time worked preparing reports and preparing for their surveillance assignments because Defendant either flatly refused to pay for such time when submitted by Plaintiff and Class Members or actively discouraged Class Members from reporting all of their hours worked.   Defendant failed to properly record all of Plaintiff's and Class Members' hours worked.

31. In doing all the things described and alleged in this Complaint, Defendant deprived Plaintiff and Class Members of the rights secured to them under federal law, which clearly sets forth that such employees are entitled to compensation at the rate of one and one-half their regular rate of compensation for all hours worked in excess of forty (40) hours in a workweek.

32. In failing to compensate Plaintiff and Class Members for all their overtime hours worked, Defendant has also failed to keep and preserve sufficient records to accurately determine Plaintiff and Class Members' lawful compensation, as required by the FLSA.

33. Defendant willfully, in bad faith and/or with a reckless disregard for Plaintiff's and Class Members' rights under the law, failed to compensate Plaintiff and Class Members for all of their overtime hours worked.

34. As a direct and proximate result of Defendant's actions and inactions, Plaintiff and Class Members have been damaged and are entitled to compensatory and/or liquidated damages in an amount according to proof at trial including, but not limited to, a sum equivalent to their unpaid overtime compensation and an equal amount for liquidated damages, according to proof, for the three (3) years preceding the filing of this Complaint as required under 29 U.S.C . § 216(b), attorney fees, and costs, as well as any other equitable relief that the Court deem just and proper. Plaintiff, on behalf of himself and the Collective Class, seek recovery of all the aforementioned damages.

## SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LAW: UNPAID WAGES
### (Against All Defendants)

35. Plaintiff reasserts and realleges paragraphs 1 through 34, inclusive, as if fully set forth, and incorporates said paragraphs herein by reference.

36. The Defendant's failure to pay Plaintiff and New Class Members for all of their hours worked by requiring or permitting them to perform uncompensated work off-the-clock violates NYLL Article 6, §§ 190, *et seq.* and Article 19, §§ 650 *et seq.*, and supporting New York state Department of Labor regulations.

37. Due to Defendant's violations of NYLL, Plaintiff and New York Class Members are entitled to recover from Defendants their unpaid wages, reasonable attorney fees, and the costs of the action, pursuant to NYLL Article 6, §§ 190, *et seq.* and Article 19, §§ 650 *et seq.*, and supporting New York state Department of Labor regulations.

////

## THIRD CAUSE OF ACTION

## VIOLATION OF NEW YORK LAW: UNPAID OVERTIME WAGES

### (Against All Defendants)

38.     Plaintiff reasserts and realleges paragraphs 1 through 37, inclusive, as if fully set forth, and incorporates said paragraphs herein by reference.

39.     The Defendant's failure to pay Plaintiff and New Class Members the premium rate of one and one-half their regular rate of pay for each hour worked for in excess of forty (40) hours in a work week violates NYLL Article 6, §§ 190, *et seq.* and Article 19, §§ 650 *et seq.*, and supporting New York state Department of Labor regulations.

40.     Due to Defendant's violations of NYLL, Plaintiff and New York Class Members are entitled to recover from Defendants their unpaid overtime wages of not less than one and one-half their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, reasonable attorney fees, and the costs of the action, pursuant to NYLL Article 6, §§ 190, *et seq.* and Article 19, §§ 650 *et seq.*, and supporting New York state Department of Labor regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class Members pray for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.     That this action be certified as a class action, pursuant to FRCP, Rule 23;

2.     That this action be certified as a Collective Action, pursuant to 29 U.S.C. § 216(b).

3.     That Plaintiff be appointed as the representative of each Class; and

4.     That counsel of record for Plaintiff be appointed as Class Counsel for each Class.

////

<u>As to the First Cause of Action</u>

1. For general unpaid wages at applicable overtime rates, and any other actual, consequential, liquidated and incidental losses and damages, according to proof at trial;

2. Such other damages as may be allowed in accordance with the Federal Rules of Civil Procedure, Rule 54(c), and 29 U.S.C. 216(b), according to proof;

3. Liquidated damages, attorney fees, and costs pursuant to 29 U.S.C. 216(b); and

4. Any other relief, including equitable relief, as the Court may deem just and proper.

<u>As to the Second and Third Causes of Action</u>

1. For general unpaid regular wage and overtime wages, reasonable attorney fees, and the costs of the action, pursuant to NYLL Article 6, §§ 190, *et seq.* and Article 19, §§ 650 *et seq.*, and supporting New York state Department of Labor regulations;

2. For pre-judgment interest on any unpaid compensation due from the day such amounts were due;

3. For reasonable attorney's fees and costs of suit herein; and

4. For such other and further relief as the Court may deem appropriate.

DATED: August 10, 2011            DEASON & ARCHBOLD

                                                    3300 Irvine Avenue, Suite 245
                                                    Newport Beach, CA 92660
                                                    Telephone: (949) 794-9560

                                                    By: <u>s/ David D. Deason</u>
                                                          David D. Deason
                                                         Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

DATED: August 10, 2011         DEASON & ARCHBOLD

3300 Irvine Avenue, Suite 245
Newport Beach, CA 92660
Telephone: (949) 794-9560

By: s/ David D. Deason
        David D. Deason
        Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2011, the foregoing document was filed with the Court Clerk and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District Local Rules, and/or the Easter District Rules for Electronic Service upon the following parties or participants

Felice B. Ekelman
David. S. Kim
JACKSON LEWIS, LLP
666 Third Avenue, 29th Fl.
New York, New York 10017


Neil H. Greenbberg
Justin Reilly
Neil H. Greenberg & Assoc. PC
900 Merchants Concourse, Suite 214
Westbury, NY 11590


DATED: August 10, 2011         DEASON & ARCHBOLD

            3300 Irvine Avenue, Suite 245
            Newport Beach, CA 92660
            Telephone: (949) 794-9560

            By: s/ David D. Deason
              David D. Deason
              Attorneys for Plaintiff