```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RICHARD CURASI, individually and on
behalf of all of those similarly
situated,                                          ORDER
                                                   11-CV-2620(JS)(GRB)
                    Plaintiff,

        -against-

HUB ENTERPRISES, INC., and DOES 1
through 10,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     David D. Deason, Esq.
                   Deason & Archbold
                   3300 Irvine Avenue, Suite 245
                   Newport Beach, CA 92660

                   Neil H. Greenberg, Esq.
                   Neil H. Greenberg & Associates, P.C.
                   900 Merchants Concourse, Suite 214
                   Westbury, NY 11590

For Defendants:    David S. Kim, Esq.
                   Ford & Harrison LLP
                   100 Park Avenue, Suite 2500
                   New York, NY 10017

                   Felice B. Ekelman, Esq.
                   Jason Alan Zoldessy, Esq.
                   Jackson Lewis, LLP
                   666 Third Avenue
                   New York, NY 10017
```

SEYBERT, District Judge:

The Court is in receipt of the parties' Negotiated Settlement Agreement and General Release (the "Agreement"), which was submitted for the Court's in camera review on January 18, 2012. "Under the [Fair Labor Standard Act ("FLSA")], a

private party may not waive or settle claims for unpaid wages unless the settlement is either (1) supervised by the Secretary of Labor, or (2) judicially approved." <u>Martinez v. Ragtime Foods of N.Y., Inc.</u>, No. 11-CV-1483, 2011 WL 5508972, at *1 (E.D.N.Y. Nov. 10, 2011). For the following reasons, the Court cannot approve the Agreement at this time.

<u>First</u>, the Agreement is internally inconsistent with respect to when payment shall be made. Paragraph 2 states that "payment shall be made to Plaintiff's counsel within thirty (30) days of the date on which the Court has approved the terms of this Negotiated Settlement Agreement <u>and</u> entered the Stipulation and Order of Dismissal." (Agreement at 8 (emphasis added).) Whereas, paragraph 5 states that the "Stipulation of Final Dismissal" shall not be entered until "<u>[a]fter</u> the Court approves the settlement and <u>payment has been received by Plaintiff</u>." (Agreement at 10 (emphasis added).) The Court notes that a signed "Stipulation of Final Dismissal with Prejudice" was attached to the Agreement. Thus, it is unclear whether Plaintiff has already been paid, and, if he has not been paid, whether payment is contingent upon the Court's entering a Stipulation and Order of Dismissal, or if the Court's entering a Stipulation and Order of Dismissal is contingent upon Plaintiff being paid. The parties are advised to revise the Agreement to cure this inconsistency.

2

Second, confidentiality is a material term of the Agreement. While the Court acknowledges that "parties are generally free to keep their settlement agreements private . . . . 'FLSA cases are different.'" Martinez, 2011 WL 5508972, at *1 (quoting Hens v. Clientlogic Operating Corp., No. 05-CV-0381, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010)). "Because judicial approval is required for settlement under the FLSA, settlement agreements in FLSA cases are judicial documents to which a presumption of public access applies." Id.; accord Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011) (collecting opinions of district courts in this Circuit banning confidentiality provisions in stipulated settlement agreements in FLSA actions and/or requiring the terms of the settlement be placed on the public docket). To overcome the presumption, "the parties must make a substantial showing of need for the terms of their settlement to contain a confidentiality provision." Mosquera, 2011 WL 282327, at *2. The fact that "confidentiality is a material condition of the settlement agreement without which settlement will not be feasible" will not overcome the presumption. Hens, 2010 WL 4340919, at *3; see also Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643, 648 (S.D.N.Y. 2011); Martinez, 2011 WL 5508972, at *1.

3

Accordingly, the parties may proceed in one of three ways:

(1) The parties may file on the public docket a revised Agreement that (a) corrects the inconsistency described above and (b) does not include a confidentiality provision;

(2) The parties may submit for in camera inspection (a) a revised Agreement correcting the inconsistency described above and (b) a letter signed by both parties explaining why the Court should approve the revised Agreement with a confidentiality provision--either the provision in its present form or a modified confidentiality provision; or

(3) The parties may file a letter indicating their intention to abandon their settlement and continue to litigate this action.

See Mosquera, 2011 WL 282327, at *2.  The parties must take one of the above-mentioned actions within thirty (30) days of the date of this Order.

                                            SO ORDERED.

                                            /s/ JOANNA SEYBERT_____
                                            Joanna Seybert, U.S.D.J.

Dated:    January  24 , 2012
           Central Islip, NY