UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RICHARD CURASI, individually and on
behalf of all of those similarly
situated,                                         ORDER
                                                  11-CV-2620(JS)(GRB)
                    Plaintiff,

        -against-

HUB ENTERPRISES, INC., and DOES 1
through 10,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      David D. Deason, Esq.
                    Deason & Archbold
                    3300 Irvine Avenue, Suite 245
                    Newport Beach, CA 92660

                    Neil H. Greenberg, Esq.
                    Neil H. Greenberg & Associates, P.C.
                    900 Merchants Concourse, Suite 214
                    Westbury, NY 11590

For Defendants:     David S. Kim, Esq.
                    Ford & Harrison LLP
                    100 Park Avenue, Suite 2500
                    New York, NY 10017

                    Felice B. Ekelman, Esq.
                    Jason Alan Zoldessy, Esq.
                    Jackson Lewis, LLP
                    666 Third Avenue
                    New York, NY 10017

SEYBERT, District Judge:

On January 25, 2012, the Court issued an Order rejecting the parties' Negotiated Settlement Agreement (the "Agreement") that was submitted for in camera review for two reasons: (1) the Agreement was internally inconsistent with

respect to when payment shall be made and (2) the Agreement contained a confidentiality provision.  In all other respects, the Court found the Agreement to be fair and reasonable.

The Court ordered the parties to proceed in one of three ways:

>  (1) The parties may file on the public docket a revised Agreement that (a) corrects the inconsistency described above and (b) does not include a confidentiality provision;
>
>  (2) The parties may submit for <u>in camera</u> inspection (a) a revised Agreement correcting the inconsistency described above and (b) a letter signed by both parties explaining why the Court should approve the revised Agreement with a confidentiality provision-- either the provision in its present form or a modified confidentiality provision; or
>
>  (3) The parties may file a letter indicating their intention to abandon their settlement and continue to litigate this action.

(Order, Docket Entry 28, at 4.)  The parties choose to proceed with option two and submitted for the Court's <u>in camera</u> review: "(a) a revised Agreement correcting the inconsistency noted by the Court, along with (b) [a] joint letter requesting that the Agreement remain confidential."  (Joint Letter at 1.)  In the alternative, the parties ask that the settlement amount be redacted from the publicly filed version of the Agreement.

For the following reasons, the Court again rejects the Agreement, and the parties' requests that (1) the Agreement

remain confidential or (2) in the alternative, that the settlement amount be redacted are DENIED.

DISCUSSION

While the parties did correct the inconsistency noted by the Court in its previous Order, the parties failed to overcome the presumption of public access to the terms of the Agreement. As the Court stated in its prior Order, "[b]ecause judicial approval is required for settlement under the FSLA, settlement agreements in FLSA cases are judicial documents to which a presumption of public access applies." Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483, 2011 WL 5508972, at *1 (E.D.N.Y. Nov. 10, 2011); Lin v. Comprehensive Health Mgmt., Inc., No. 08-CV-6519, 2009 WL 2223063, at *1 (S.D.N.Y. July 23, 2009) ("Any document reflecting the terms of the settlement and submitted to the Court is a 'judicial document' to which the presumption of access likely applies." (citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006)). To overcome the presumption, "the parties must make a substantial showing of need" for the terms of their settlement not to be filed on the public docket. Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)); accord Martinez, 2011 WL 5508972, at *1.

The Court will first analyze whether the parties have overcome this presumption to justify including a confidentiality

3

provision in the Agreement and filing it under seal. Then, the Court will discuss whether the parties have overcome the presumption to justify redacting the settlement amount from the publicly-filed version of the Agreement.

I.  The Parties' Request that the Entire Agreement Remain Confidential

Here, the parties argue that the Agreement should remain confidential for two reasons: First, because "[c]onfidentiality is a material term of the agreement" and "constitutes part of the consideration provided in exchange for the amount paid to resolve this litigation." (Joint Letter at 3.) However, the Court clearly stated in its prior Order that "[t]he fact that 'confidentiality is a material condition of the settlement agreement without which settlement will not be feasible' will not overcome the presumption" of public access. (Order, Docket Entry 28, at 3 (quoting Hens v. Clientlogic Operating Corp., No. 05-CV-0381, 2010 WL 4340919, at *3 (W.D.N.Y. Nov. 2, 2010)).) Second, the parties argue that the Agreement should remain confidential because "public disclosure of the Agreement will expose Defendant to possible copycat lawsuits, to inquiries from customers and potential customers, and to allegations from competitors regarding its business and employment practices." (Joint Letter at 3.) However, "[a] business's general interest in keeping its legal proceedings

4

private does not overcome the presumption of openness." Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003); see also Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643, 647-48 (S.D.N.Y. 2011) (holding that the fact that public disclosure of the terms of an FLSA settlement could harm Defendant by encouraging other lawsuits did not overcome the presumption of public access); Hens, 2010 WL 4340919, at *4 ("Defendant's interest in avoiding additional litigation is not sufficient to overcome the presumption of access.").

Therefore, as the parties have failed to overcome the presumption of public access to the Agreement, their request that the Agreement remain confidential and be filed under seal is DENIED.

II. The Parties' Request that the Settlement Amount be Redacted

In the alternative, the parties ask that they be permitted to publicly file a copy of the Agreement with the settlement amount redacted. However, the parties have failed to come forward with any reasons why such redaction is necessary or any authority showing that such redaction is appropriate.[1] And,

---

[1] The parties cite to a few cases that allowed settlement agreements to be filed on the public docket with the settlement amount redacted. However, these opinions failed to articulate why redaction was appropriate. "District courts in this circuit, as well as others, have declined to follow cases that granted requests to seal FLSA settlements [in whole or in part] but failed to provide reasons or authority for doing so." Bouzzi, 2012 WL 85137, at *2 (collecting cases). This Court

5

in fact, courts considering this exact issue have held that the public has a substantial interest in the amount of settlement, and the presumption against disclosure of such information is not easily overcome: "When the amounts recovered by the plaintiffs, and the amount paid in attorney's fees, are redacted, the public is in no position to evaluate the Court's conclusion as to fairness nor can the public assess whether the rights sought to be protected by the FLSA are furthered by the settlement." Bouzzi v. F & J Pine Rest., No. 10-CV-0457, 2011 WL 7004196, at *2 (E.D.N.Y. Sept. 23, 2011) (collecting cases denying requests to redact settlement figures from publicly-filed, court-approved settlement agreements), adopted by __ F. Supp. 2d __, 2012 WL 85137 (E.D.N.Y. Jan. 11, 2012); see also Hens, 2010 WL 4340919, at *4 ("Preventing the employee's co-workers or the public from discovering the existence or value of their FLSA rights is an objective unworthy of implementation by judicial seal." (internal quotation marks and citation omitted)).

Therefore, the parties' request that they be permitted to file a redacted version of the Agreement is also DENIED.

---

joins these district courts and declines to afford any weight to the cases cited by the parties.

## CONCLUSION

For the foregoing reasons, the Court cannot approve the Agreement at this time. Accordingly, the parties may proceed in one of two ways:

(1) The parties may file on the public docket a revised Agreement that does not include a confidentiality provision together with a Stipulation of Dismissal; <u>or</u>

(2) The parties may file a letter indicating their intention to abandon their settlement and continue to litigate this action.

The parties must take one of the above-mentioned actions within thirty (30) days of the date of this Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March   5  , 2012
         Central Islip, NY