UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICHARD J. CURASI, individually and on behalf of all those similarly situated,

    Plaintiffs,

v.

HUB ENTERPRISES, INC., a Louisiana corporation; and DOES 1 through 10, inclusive,

    Defendants.

Civil Action No. 11-CV-2620

Seybert, J.

Brown, M.J.

## NEGOTIATED SETTLEMENT AGREEMENT AND GENERAL RELEASE

WHEREAS, Plaintiff RICHARD CURASI ("Plaintiff") and Defendant HUB ENTERPRISES, INC. ("Defendant") (collectively, the "Parties") desire to resolve this matter without further litigation or adjudication; and

WHEREAS, the Parties understand and agree that Defendant denies each and every allegation of wrongdoing asserted in this litigation including, but not limited to, all such allegations contained in the First Amended Complaint for Damages filed by Plaintiff, and in any other papers filed or served by Plaintiff or on Plaintiff's behalf in the above-captioned action (hereinafter "Action"); and

WHEREAS, the Parties understand and agree that neither the making of this Negotiated Settlement and General Release ("Agreement") nor anything contained herein shall, in any way, be construed or considered to be an admission by either Plaintiff or Defendant of guilt, or non-compliance with any federal, state, city or local statute, constitution, rule, ordinance, public policy, wage-hour law, wage payment law, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever; and

1

WHEREAS, Plaintiff desires, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to Defendant; and

WHEREAS, Defendant desires, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to Plaintiff; and

WHEREAS, the terms, conditions and implications of this Agreement, including the General Release incorporated herein, have been explained to Plaintiff and Defendant by their respective counsel;

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES THAT:**

1. **Plaintiffs' Commitments.**

In exchange for the promises made by Defendant in Paragraph "2" below, Plaintiff agrees as follows:

a. <u>Dismissal of Action and Waiver of Future Actions</u>. Plaintiff shall execute all documents and all supplemental, further and modifying documents needed to settle, dismiss, and withdraw, in writing and with prejudice, all complaints, suits, actions, charges, claims and/or proceedings he has instituted against Defendant or its affiliates, including but not limited to this Action. Plaintiff, by his counsel, shall execute the Stipulation of Final Dismissal with Prejudice attached hereto as Exhibit "A." Plaintiff warrants that he has not filed or caused to be filed, and is not presently a party to any charge, complaint, appeal, suit, action, allegation, claim and/or proceeding against Defendant or any affiliated entities in any form or forum other than this Action, which Plaintiff agrees to dismiss with prejudice.

b. <u>General and Unlimited Release of Claims</u>. Plaintiff, on the one hand, and defendant, on the other, for themselves and for each of their respective past and present agents, assigns, transferees, heirs, spouses, relatives, executors, attorneys, administrators, predecessors, parents, affiliates, successors, insurers, and representatives ("Releasors"), hereby releases and discharges the other and their respective past and present agents, assigns, transferees, heirs, spouses, relatives, executors, attorneys, administrators, officers, directors, employees, predecessors, subsidiaries, parents, affiliates, successors, insurers, and representatives ("Releasees") from any and all claims and causes of action which Releasors now have or may have against any of the Releasees arising through the date of this Agreement, including, but not limited to, Plaintiff's claims asserted in the Action and any and all known and unknown claims arising out of or related to Plaintiff's employment with any of the Releasees. This release is intended to be construed as broadly as permitted by law, including, but not limited to, any claims for discrimination, harassment and/or retaliation, for unpaid wages, and/or any for the violation of rights arising from any law or other source, including, but not limited to, the Fair Labor Standards Act, 29 U.S.C. §201 et. seq; Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1991, Pub. L. No. 102-166, Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988; the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the Vocational Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.; the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq.; the Consolidated Omnibus Budget Reconciliation Act of 1985, I.R.C. § 4980B; the Immigration

Reform and Control Act, as amended; the Workers Adjustment Retraining Notification Act, as amended; the New York Minimum Wage Law and all wage orders; the New York Wage and Wage Payment laws, including Sections 190 et. seq. of the Labor Law; the New York City Human Rights Law, N.Y.C. Admin. Code §8-107 et seq.; the New York State Human Rights Law, New York Executive Law § 290 et seq.; the New York Civil Rights Law, New York Civil Rights Law § 1 et seq.; Article 6 of the New York Labor Law, New York Labor Law § 190 et seq.; the New York Whistleblower Law, New York Labor Law § 740 et seq.; the New York State Worker Adjustment and Retraining Notification Act; the New York Legal Activities Law; New York Labor Law § 201-d; the New York occupational safety and health laws; the New York Fair Credit Reporting Act; any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions or ordinances; any public policy, contract (whether oral or written, express or implied) or tort laws; any claim arising under the common law; any other claim for employment discrimination, retaliation, wrongful termination, constructive discharge, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress; any claim for costs, fees, or other expenses, including attorneys' fees or any other action against Releasees, based upon any conduct occurring up to and including the date of the complete execution of this Agreement.

    c. <u>Acknowledgment of Entitlement</u>. Plaintiff understands and agrees that he would not be entitled to receive the consideration specified in Paragraph "2" below, except for his fulfillment of all the promises contained in this Agreement.

    d. <u>Dismissal and/or Termination of Class or Collective Claims</u>. In the event that any individual institutes, is a party to, or is a member of a class that institutes any

claim or action against Releasees, arising from any conduct that pre-dates this Agreement, Plaintiff agrees that his individual claims shall be dismissed or class membership terminated immediately upon presentation of this Agreement, and they shall execute any papers necessary to achieve that end.

  e. Plaintiff agrees to notify Defendant within five (5) business days if he is compelled by subpoena or court order, or otherwise contacted by any third parties, to appear and testify concerning matters encompassed by this Agreement. Plaintiff also agrees that he will not contest Defendant's standing to move to quash any such subpoena.

  f. <u>Non-Disparagement and Neutral Reference</u>. Plaintiff agrees that he will not make any disparaging statements about Defendant and/or its business, officers, employees or affiliated entities. The term "disparaging" includes, without limitation, comments or statements to the press or any individual or entity which could adversely affect Defendant's business or the reputation or interests of Defendant, its businesses, officers, employees or affiliated entities. If Defendant is contacted by a third-party concerning Plaintiff's employment, it will simply provide dates of employment and positions held.

  g. <u>Waiver of Future Actions; Compliance with Subpoenas</u>. Except as may be required by law or requested by the United States Equal Employment Opportunity Commission, Plaintiff shall not, in any way, voluntarily assist any individual or entity in commencing or prosecuting any action or proceeding against Releasees, including, but not limited to, any administrative agency claims, charges or complaints, and/or any lawsuits, counterclaims, cross claims, arbitral claims or other claims, or in any way voluntarily participate or cooperate in any such action or proceeding. This prohibition applies to every stage of any action or proceeding, including any trial, hearing, pretrial or prehearing preparation, pre-

5

litigation investigation or fact gathering, administrative agency procedure or arbitral procedure, and bars Plaintiff from voluntarily testifying, providing documents or information, advising, counseling or providing any other form of voluntary assistance to any person or entity who wishes to make or who is making any claim against Releasees. In the event any such proceeding is instituted, Plaintiff shall not seek or accept any monies, award or recovery therefrom. Nothing in this paragraph shall prohibit Plaintiff from complying with a properly served and lawfully issued subpoena or order issued by a court of competent jurisdiction. However, Plaintiff will provide a copy of any such subpoena or court order to Felice Ekelman in at Jackson Lewis LLP, 666 Third Avenue, New York, New York 10017, within five (5) days of receipt of the subpoena or court order.

  h. <u>Return and Destruction of Documents</u>. Plaintiff agrees that upon execution of this Agreement he must return to Defendant any and all documents relating to this case or destroy any and all documents relating to this case. Plaintiff's counsel shall advise Defendant's Counsel in writing of the return or destruction of said documents after full execution of the terms of this settlement.

  i. <u>Voluntary and Knowing Release</u>. Plaintiff expressly represents that he is able to effect a knowing and voluntary waiver and general release of claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs or other substances, or are otherwise impaired. Plaintiff is competent to execute this Agreement and to waive any and all claims he has or may have against Defendant. Plaintiff certifies that he is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair his right to settle this case and to waive all claims he may have against Defendant.

6

2. **Consideration**.

In consideration for the promises made by Plaintiff contained in Paragraph "1" above, and in the other provisions of this Agreement, Defendant agrees to provide Plaintiff, through his counsel, with the total settlement sum of Seven Thousand Dollars and Zero Cents ($7,000.00), in consideration for and in full satisfaction of all claims Plaintiff may have against Defendant, known or unknown, asserted or unasserted, through the date of his complete execution of the Agreement. Such payment shall be made to Plaintiff's counsel within seven (7) days of the date on which the Court has approved the terms of this Negotiated Settlement Agreement and entered the Stipulation and Order of Dismissal appended hereto as Exhibit "A" as described in Paragraph 3. Such payment shall be made as follows:

    a.    Defendant agrees to provide Plaintiff, through his counsel, with a check made payable to "Deason & Archbold, as attorneys for Richard Curasi" for the sum of Two Thousand Three Hundred Dollars and No Cents ($2,300.00) for payment of his attorneys' fees and costs incurred in this proceeding.

    b.    Defendant agrees to provide Plaintiff, through his counsel, with a check made payable to "Richard Curasi" for the sum of Two Thousand Three Hundred-Fifty Dollars and No Cents ($2,350.00), less lawful deductions and tax withholdings. This sum shall be treated as back wages and subject to Form W-2 reporting.

    c.    Defendant agrees to provide Plaintiff, through his counsel, with a check made payable to "Richard Curasi" for the sum of Two Thousand Three Hundred-Fifty Dollars and No Cents ($2,350.00). This sum shall be treated as federal and state liquidated damages and prejudgment interest and subject to Form 1099 reporting.

    d.    Defendant will issue dual Internal Revenue Service ("IRS") forms 1099 to

7

Plaintiff (Social Security Number        ) and his attorneys (Tax ID Number 56-2312087) which reflect the settlement sum set forth in Paragraphs 2(a) and 2(c). Plaintiff agrees to indemnify and hold Defendant harmless against the payment of any such taxes, interest, penalties and other liabilities or costs that may be assessed against them in connection with the settlement sums described in Paragraphs 2(a) and 2(c). Plaintiff acknowledges that he has not relied on any oral or other representations made by Defendant or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement. Should Plaintiff fail to indemnify and hold Defendant harmless with respect to the settlement sums described above and Defendant is required to institute legal proceedings to enforce any of the provisions of this Paragraph, Plaintiff agrees that the noncompliant Plaintiff shall pay Defendant its reasonable attorneys' fees and costs for obtaining and enforcing such indemnification, along with monetary damages in an amount to be determined by a Court.

3. **Procedure**

Plaintiff's counsel's shall provide Defendant's counsel with four (4) originals of this Agreement executed by Plaintiff, including four (4) originals of the Stipulation of Final Dismissal with Prejudice in the form attached hereto as Exhibit "A" executed by Plaintiff's counsel. After the Negotiated Settlement Agreement and the Stipulation and Order of Dismissal attached hereto as Exhibit "A" are fully executed by the Parties and their counsel, and the expiration of the seven (7) day revocation period set forth herein, the Parties will jointly submit the Negotiated Settlement Agreement and Stipulation and Order of Dismissal to the Court for the Court's consideration and approval via letter or other means. The Court's approval of all terms of this Agreement is a material term of this Agreement. Accordingly, no payment shall be due to Plaintiff and this Agreement shall be deemed null and void if the Court does not so approve all

terms of this Agreement.

4. **Dismissal of Action.**

The instant action shall be dismissed, in its entirety and with prejudice. Defendant and Plaintiff agree not to seek any interest, fees or costs from the Court, and except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees and disbursements incurred in connection with this Action.

5. **No Further Employment.**

Plaintiff acknowledges that because of circumstances unique him including, but not limited to, irreconcilable differences with Defendant, he is ineligible pursuant to this Agreement to hold any positions with Defendant or their affiliated entities now or in the future and shall not apply in the future for employment with Defendant. Further, Plaintiff agrees that if Defendant inadvertently hires Plaintiff, Defendant or such affiliated entity may terminate the Plaintiff's employment immediately. This is a negotiated provision of this Agreement and not evidence of retaliation.

6. **Jurisdiction.**

Notwithstanding the dismissal of this Action as set forth in Paragraphs "1(a)," "1(b)" and "3" of this Agreement, the Parties agree that the District Court for the Eastern District of New York and the Honorable Judge Joanna Seybert shall retain jurisdiction over the Parties and the instant matter for the limited purpose of enforcing this Agreement in the event an issue arises which necessitates such enforcement.

7. **Plaintiffs' Counsel.**

Deason & Archbold ("Plaintiff's counsel") represents that, other than Plaintiff and Michael DeFreitas, it is not presently representing any individuals or other potential plaintiffs

9

enforceable, excluding the general release language, such provision shall immediately become null and void leaving the remaining provisions of this Agreement in full force and effect. However, if any portion of the general release language set forth in this Agreement is declared unenforceable for any reason, Plaintiff still agrees not to engage in any conduct prohibited by Paragraph "1" above. The language of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any Party.

11. **Execution.**

The terms of this Agreement are the product of mutual negotiation and compromise between the Parties. The meaning, effect and terms of this Settlement have been fully explained to Plaintiff by his counsel, Deason & Archbold. This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts.

12. **Attorney Fees.**

In the event of litigation between the parties arising from this Agreement, the prevailing party shall be entitled to attorneys fees and costs.

**PLAINTIFF IS HEREBY ADVISED IN WRITING THAT HE IS AFFORDED TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH HIS ATTORNEY, DEASON & ARCHBOLD PRIOR TO EXECUTION OF THIS AGREEMENT, WHICH HE AGREES THAT HE HAS DONE.**

**PLAINTIFF MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY HE SIGNs THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO FELICE B. EKELMAN, ESQ., JACKSON LEWIS LLP, 666 THIRD AVENUE, NEW YORK, NY 10017, AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR NEGOTIATED SETTLEMENT AGREEMENT AND GENERAL RELEASE." THE REVOCATION MUST BE PERSONALLY DELIVERED TO MS. EKELMAN OR HER DESIGNEE, OR MAILED TO MS. EKELMAN AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER PLAINTIFFS SIGN THIS AGREEMENT.**

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DOES NOT RESTART OR AFFECT IN ANY**

MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION IN PARAGRAPH "2" AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY, DEASON & ARCHBOLD, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.

3/22/2012
Date

By: _____
RICHARD CURASI

3-23-12
Date

By: _____
TITLE:
HUB ENTERPRISES, INC.

12

# EXHIBIT A
## (Stipulation of Final Dismissal with Prejudice)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD J. CURASI, individually and on behalf of all those similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>HUB ENTEPRISES, INC., a Louisiana corporation; and DOES 1 through 10, inclusive,<br><br>               Defendants. | Civil Action No. 11-CV-2620<br><br>Seybert, J.<br><br>Tomlinson, M.J. |

## STIPULATION OF FINAL DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Richard Curasi and Defendant Hub Enterprises, Inc., by and through their undersigned counsel, that the Settlement Agreement in this matter having been reviewed by the Court and found to be fair and reasonable, the above-captioned action be and is hereby dismissed in its entirety, with prejudice, and with no award of attorneys' fees or costs by the Court to any party.

DEASON & ARCHBOLD
3300 Irvine Avenue, Suite 245
Newport Beach, CA 92660
(949) 794-9560

By: _____
    David D. Deason, Esq.

ATTORNEYS FOR PLAINTIFF
Dated: January 9, 2012


SO ORDERED:

Dated: _____, 2012
      New York, New York

JACKSON LEWIS LLP
666 Third Avenue, 29th Floor
New York, NY 10017
(212) 545-4023

By: _____
    Felice B. Ekelman, Esq.

ATTORNEYS FOR DEFENDANT
Dated: January 17, 2012



_____
Hon. Joanna Seybert, U.S.D.J.

15